IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHIA THAO,                                    No. CIV S-06-2206-CMK

       Plaintiff,

   vs.                                         ORDER

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____ /

       Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Judgment was entered on September 8, 2008, remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. Pending before the court is plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (hereinafter EAJA), 28 U.S.C. § 2412(d) (Doc. 31).

**Background**

       The Social Security Administration originally denied plaintiff's claim for Social Security and/or Supplemental Security Income disability benefits under Titles II and XVI of the

Social Security Act, 42 U.S.C. §§ 401 *et seq*. and 1381 *et seq*. Her requests for reconsideration were also denied. A hearing was held before an Administrative Law Judge (ALJ), who also denied plaintiff's disability benefits. This action followed the ALJ's decision.

**<u>Discussion</u>**

The EAJA authorizes an award of "fees and other expenses" to a prevailing party in a case against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In social security appeals such as this, the Commissioner bears the burden of showing that her decision to deny benefits was substantially justified "to a degree that could satisfy a reasonable person." See Pierce v. Underwood, 487 U.S. 552, 565 (1988). In this case the Commissioner does not challenge the plaintiff's entitlement to fees, and the court's own review of the record does not reveal any special circumstances which would render an EAJA award unjust. See 28 U.S.C. §. 2412(d)(1)(A). Thus, the court concludes that the position of the Commissioner was not justified and that reasonable fees should be awarded under the EAJA.

Having concluded that an EAJA award is proper, the court moves to the contested issue of whether the amount sought by plaintiff's counsel is reasonable. "This court has discretion in determining the amount of a fee award, including the reasonableness of the hours claimed by the prevailing part." Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)); see also INS v. Jean, 496 U.S. 154 (1990) (the district court's determination of what fee is reasonable under the EAJA is the same as the standard in Hensley). The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The rates submitted by plaintiff's counsel are adjusted to account for cost of living increases–a rate of $161.85 per hour for services provided in 2006, and $166.46 per hour for services provided in 2007 and 2008. To support these adjustments, plaintiff's counsel cites the United States Department of Labor's

Consumer Price Index, which according to the Ninth Circuit, constitutes proper proof of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than the statutory cap. See Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001). The Commissioner does not challenge the hourly rates proposed by plaintiff's counsel. The court's own review of the plaintiff's evidence indicates that the figures are accurate. Accordingly, the court finds that the hourly rates proposed by plaintiff's counsel are reasonable.

The court next moves to the itemized accounting of attorney time that plaintiff's counsel submitted in support of the fee application. Plaintiff's counsel requests a total of $8,639.52 for 51.95 hours of work.[1] District courts have found that spending between 20 and 40 hours on a social security case that is not particularly difficult is a reasonable amount of time. See Harden v. Comm'r Social Security, 497 F. Supp.2d 1214, 1215-1216 (D. Or. 2007), Patterson v. Apfel, 99 F. Supp.2d 1212, 1215 n. 2 (N.D. Cal. 2000) (collecting cases involving reasonable EAJA fee awards between 20 and 54.5 hours). However, several courts have found it reasonable to exceed the 20 to 40 hour norm. See e.g., Mendoza v. Bowen, 701 F. Supp. 1471 (N.D. Cal. 1988) (allowing 50 hours in a case lacking any novel issues); Burleson v. Astrue, 2009 WL 364115 (W.D. Wash. 2009) (unpublished opinion allowing 49.3 hours for attorney time including 43.9 hours for the merits and 5.4 hours for the EAJA fee application); Johnson v. Astrue, 2008 WL 3984599 (N.D. Cal. 2008) (unpublished opinion allowing 47 hours); Zimmerman v. Astrue, 2008 WL 906460 (E.D. Cal. 2008) (unpublished opinion allowing 48.35 hours).

///
///
///

---

[1] Plaintiff is also requesting an additional 1.5 hours for filing the reply brief, for a total of 53.45 hours.

According to plaintiff's counsel, she spent a total of 51.95 hours[2] working on this case in the following manner: 1.75 hours discussing the case with the her client (through an interpreter), drafting her client a letter, drafting the complaint and other documents for filing; 0.8 hours reviewing case documents (fee waiver order, scheduling documents, service forms, answer); 8.5 hours reviewing the records and conducting legal research; 37 hours drafting the motion for summary judgment; 0.3 hours agreeing to defendant's requests for extension; 0.5 hours reviewing the cross-motion; 1.25 hours reviewing the court's decision and drafting a letter to her client and referring attorney; and 1.85 hours dealing with attorney fees (plus an additional 1.5 hours drafting a reply brief). The Commissioner challenges the number of hours plaintiff's counsel spent in this case as unreasonable and excessive, and argues that plaintiff's counsel failed to exclude hours that were excessive, redundant, or otherwise unnecessary.

Specifically, the Commissioner takes issue with the 37 hours counsel spent drafting the motion for summary judgement, arguing that drafting the motion should have taken no more than 24 hours. The Commissioner proposes the court reduce plaintiff's request by 21.5 hours, resulting in a total attorney fee award for 30.45 hours. The Commissioner's argument that the motion should only have required 24 hours of attorney time to draft would result in a reduction of 13 hours from the total amount of time requested. He does not identify where the additional 8.5 hour reduction should be cut from.

The record in this case consisted of over 500 pages. Counsel's motions for summary judgement was 39 pages, which included a 10 page summary of the medical evidence, a nine page summary of two separate administrative hearings, and set forth four separate claims. The Commissioner's argument that this type of motion should only have required 24 hours to draft does not appear to the court to be reasonable. That would have required counsel to draft the

---

[2] Plaintiff submitted several amended motions for attorney fees, with various amounts claimed. However, a review of the only itemize accounting counsel submitted with her original motion indicates the time spent in this matter was 51.95 hours.

motion at a rate of one page every 36 minutes. From the court's review of other cases, it appears that a reasonable rate for drafting motions in these cases would be at approximately one page an hour. Here, counsel is claiming it took 37 hours to draft her 39 page brief. That is within the approximate time this court would expect it to take to draft such a document.

As to eliminating the additional 8.5 hours, the Commissioner does not indicate where that time should be trimmed. Reviewing counsel's use of time as set forth above does not reveal any area which appears to be over-billed. Counsel only spent 8.5 hours reviewing an extensive record and conducting legal research. Assuming a rate of 60 pages per hour, just a review of the record could have reasonably taken about eight and a half hours, which is what counsel billed for both record review and legal research. In addition, she spent 3 hours total communicating with her client (which notably had to be done with the assistance of an interpreter), and 0.5 hours reviewing the cross-motion. The only potentially excessive area would be the drafting of the motion, which, as discussed above, was not unreasonable.

Finally, the undersigned has reviewed several previous decisions regarding EAJA fees, and finds that although 51.95 hours is higher than the "average" case, based on what was accomplished here, it does not appear to be excessive.[3] Therefore, the undersigned does not find plaintiff's counsel's request for a total of 53.45 hours spent on this case unreasonable. Counsel breaks the hours down, indicating 1.75 hours were expended in 2006, 46.5 hours were expended in 2007, and 5.2 hours were expended in 2008. She has used a rate of $161.85 for the 2006 hours, and a rate of $166.46 for the 2007 and 2008 hours. The Commissioner has not objected to these rates. Accordingly, the total amount of EAJA attorney fees requested is $8,889.22.

///

---

[3] The court's review of several cases before the undersigned reveals stipulations between different counsel and the Commissioner over the years ranging from $1,995 (see CIV-06-1406-CMK) to $6,500 (see CIV-07-0585-CMK). In addition, the undersigned has found 43.85 hours to be reasonable in a case with a record of over 400 pages where counsel's motion was 20 pages (see CIV-05-1758-CMK), and 35.6 hours to be reasonable in a case with a record of almost 400 pages with a motion that was 21 pages (see CIV-07-0564-CMK).

Accordingly, IT IS ORDERED that plaintiff's counsel's request for attorney fees (Doc. 31) is granted in the amount of $8,889.22.


DATED: March 18, 2009

　　　　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE